State, ex rel. Spillman, v. American Exchange Bank.

---

STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V. AMERICAN EXCHANGE BANK OF BRISTOW : LUCIAN L. COOK, RECEIVER, APPELLEE : NELS J. JACOBSON, EXECUTOR, INTERVENER, APPELLANT.

FILED MAY 25, 1926.   No. 24068.

Case ruled by and judgment reversed on the authority of *State v. American Exchange Bank, ante,* p. 626.

APPEAL from the district court for Boyd county : ROBERT R. DICKSON, JUDGE.   *Reversed, with directions.*

*Byron Clark, Jessie L. Root,* and *John A. Davies* for appellant.

*Fred S. Berry, W. T. Wills* and *C. M. Skiles, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, and EBERLY, JJ., and REDICK, District Judge.

REDICK, DISTRICT JUDGE.

This case involves claims against the bank guaranty fund and is based upon four certificates of deposit issued by the American Exchange Bank of Bristow, which was taken over by the state banking department January 2, 1923.

One of the certificates for $2,000 was allowed by the receiver as a charge against the guaranty fund, two for $1,000 each and one for $2,000 were allowed as general claims against the bank, but disallowed as against the fund. Upon appeal to the district court the action of the receiver was confirmed and the claimant prosecutes an appeal here. The receiver defends and protests against the allowance of claims against the guaranty fund on the ground that on previous certificates of which the ones in dispute are renewals a greater rate of interest than 5 per cent. was paid by the bank. The facts are not disputed. The certificates in question are renewals at six months each of certificates representing money placed in the bank by claimant's decedent over a period of several years. Upon the renewal certificates interest was paid at 5 per cent. per annum, but upon certificate No. 1970 for $1,000, dated February 24, 1920, of which No. 2582, dated August 24, 1922, was the final renewal, 6 per cent. interest was paid August 27, 1920; and upon certificate No. 1967, dated February 24, 1920, for $1,000, of which No. 2587, dated August 24, 1922, for $1,000, was the final renewal, 6 per cent. interest was paid August 24, 1920; and upon certificate No. 1993, for the sum of $2,000, dated March 4, 1920, of which No. 2591, dated August 24, 1922, was the final renewal, 6 per cent. interest was paid September 4, 1920. It will be noted that in the case of each certificate there were at least three renewals, subsequent to the payment of interest at

6 per cent., upon which only 5 per cent. was contracted for or paid. There is no evidence of any agreement by the bank to pay more than 5 per cent. interest except as one may be inferred from the fact that upon one certificate in each series. 6 per cent. had been paid. It therefore appears that, assuming the existence of such an agreement in August, 1920, the practice was abandoned, and as to the certificates issued after that date, including the ones in question, no excess interest was paid and the evidence fails to establish any contract for such payment.

The case is therefore ruled by *State v. American Exchange Bank, ante,* p. 626. It seems proper, however, to notice one new proposition urged by counsel for the receiver and not discussed in that decision.

It is suggested that, if the certificate represented a loan by reason of the fact that more than 5 per cent. was agreed to be paid upon it, then a renewal of it would still be a loan, and *State v. Banking House of A. Castetter,* 110 Neb. 564, and *American State Bank v. Wilson,* 110 Kan. 520, are cited, in which the illustration was made that, if a bank paid its debt with certificates of deposit, there would be merely a change in the form of the obligation. The analogy is defective, in that, in these cases, the term deposit is defined from the standpoint of the provisions of the guaranty law. The definition adopted in the *Castetter* case was of a deposit, "within the meaning of the statute," and "under circumstances which do not transgress specific limitations of the bank guaranty law." But as between the bank and the customer, we have no doubt the certificate represents a deposit when money or its equivalent is left with the bank on a time certificate, regardless of the rate of interest it carries.

Having concluded that the judgment of the district court is erroneous for disallowing the claims in question as charges against the bank guaranty fund, that portion of the judgment is reversed and cause remanded for the purpose of such allowance.

REVERSED.